COHEN et al. v. SIEGEL, COOPER & CO., Inc.

(Supreme Court, Appellate Division, First Department. March 17, 1916.)

1. PRINCIPAL AND AGENT ⌺119(2)—AUTHORITY OF AGENT—BURDEN OF PROOF.
    In suit by the sellers of goods on the contract made by the buyer's agent, the burden is on the sellers to establish the fact that such agent had general authority, or that the buyer held him out as authorized.
    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 392, 394; Dec. Dig. ⌺119(2).]

2. PRINCIPAL AND AGENT ⌺147(2)—LIMITATION UPON AUTHORITY.
    Sellers of goods negotiating with the buyer's agent in respect to the contract were bound by the limitations of the agent's authority, unless the buyer had done something to create a false impression as to how far his authority went.
    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 529; Dec. Dig. ⌺147(2).]

3. PRINCIPAL AND AGENT ⌺124(3)—REPRESENTATION OF AUTHORITY.
    A large mercantile establishment, by sending its agent to look over a stock of goods in the hands of the manufacturer, does not, as matter of law, hold such agent out to the manufacturer as a person having unlimited authority to purchase goods and bind his principal in that behalf.
    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 724; Dec. Dig. ⌺124(3).]

4. SALES ⌺52(5)—CONTRACTS—NOTICE OF CONDITION—SUFFICIENCY OF EVIDENCE.
    In suit by the manufacturers of goods against a mercantile establishment for breach of a contract of purchase made by the latter's agent, evidence *held* sufficient to show that the manufacturers had knowledge of the rule of defendant that no order for goods would be accepted, unless confirmed by a person in authority at the main office.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 136, 137; Dec. Dig. ⌺52(5).]

5. SALES ⌺50—CONTRACTS—WAIVER OF CONDITION.
    A department store, whose agent gave a large order to manufacturers without confirmation, by accepting one or two small orders placed with the manufacturers by its agent, did not waive, as to the manufacturer, its rule that orders given by its agent were subject to confirmation at its main office.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 109–114; Dec. Dig. ⌺50.]

Appeal from Trial Term, New York County.

Action by Solomon Cohen and Benjamin Erdman, copartners doing business under the firm name and style of Cohen & Erdman, against Siegel, Cooper & Co., Incorporated. From a judgment for plaintiffs,

and an order denying its motion for new trial, defendant appeals. Judgment and order reversed.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Norman P. S. Schloss, of New York City, for appellant.

Theodore B. Richter, of New York City, for respondents.

SCOTT, J. Appeal by defendant from a judgment for about $1,700 for goods alleged to have been sold and delivered to the defendant. It appears that on June 24, 1913, the plaintiff Erdman, one of the members of a firm which manufactured ladies' suits, was in Chicago with a line of samples. The business of this firm was not to carry manufactured goods on hand, but to take orders for goods to be manufactured. On that day one Ralph Basch, who was in defendant's employ, and a Miss Pearson, also in defendant's employ, called at the hotel at which the plaintiffs had their samples and selected a number of suits, of which Basch gave a memorandum to defendant. These suits were afterwards manufactured and delivered to defendant, who refused to receive them and returned them to plaintiffs. Plaintiffs at first refused to receive them back, but subsequently, during this litigation, by stipulation they did receive them, without waiving any rights.

The first question turns upon the authority of Basch to make an order binding upon the defendant. It was abundantly proven that in point of fact Basch had no authority to make a firm contract for defendant, and that whatever authority he or Miss Pearson, who accompanied him, had was to select goods and give a tentative order, binding upon defendant only when it had been approved, or, as they phrase it, confirmed by an officer of the defendant corporation, and for this purpose there was a form in use by the defendant. The principal evidence taken in the case was as to whether or not the plaintiffs had notice of this limitation upon Basch's authority; the plaintiffs' claim being that Basch was held out to them as a person having full authority.

[1-3] We are unable to find anything in the evidence to justify the contention that Basch was held out to plaintiffs as a person having authority to make a purchase without express confirmation, and the first difficulty the plaintiffs met was to establish the fact that there was any such general authority, or that the defendant had done anything to apparently hold Basch out as an authorized buyer. Of course, at the most he was only an agent of the defendant, and if plaintiffs chose to deal with him it was bound by the limitations of his authority, unless defendant had done something to create a false impression as to how far his authority went. Gaspard v. Fourteenth Street Store, 143 App. Div. 402, 128 N. Y. Supp. 53. So at the very outset there is grave difficulty in sustaining this judgment upon the proposition that Basch in point of fact had authority and secondly that defendant held him out as a person who had such authority. It certainly cannot be that a large mercantile establishment, by sending an agent to look over a stock of goods in the hands of a manufacturer, is to be held, as

matter of law, to hold that agent out as a person having unlimited authority to purchase goods and bind his principal for such a purchase.

[4] The second difficulty is that the evidence amply satisfies the defendant's claim that plaintiffs had knowledge of the rule of defendant's establishment that no order for goods would be accepted unless it had been confirmed by a person in authority at the main office. This alleged sale, as has been said, was made on June 14, 1913. In April, 1913, plaintiffs had undertaken to deliver certain linen suits upon an alleged order by Basch, and defendant had rejected the suits, and had distinctly informed plaintiffs, before the present order was given, that the reason for rejection was that it had not been confirmed, and that no order given by Basch would be recognized unless it had been thus confirmed. That plaintiffs were so informed is distinctly testified to by plaintiff Erdman himself, although he undertakes to say that he made no point of the thing then, because he was glad to have the suits back, as he had other customers to whom he could deliver them. So upon July 10, 1913, with reference to the very order here in dispute, the plaintiffs wrote to Ralph Basch a letter in which he expressed surprise that he had not yet received a confirmation of Basch's order, which clearly indicates his understanding that such a confirmation was required. Other orders were put in evidence, which were confirmed, and with the confirmation in each case was printed on the paper a notice that the order could not be accepted until it had been confirmed in accordance with the rules of the store.

[5] The plaintiffs also claim, even admitting that there was such a rule as the defendant had said, and that they had some notice of it, that as to them defendant had waived the rule. This claim seems to be unfounded. Even if one or two small orders were accepted without confirmation, that circumstance was insufficient to establish a general waiver. In our opinion the evidence wholly failed to establish any cause of action in behalf of plaintiffs, and the defendant's motion for a dismissal of the complaint should have been granted.

The judgment and order appealed from are therefore reversed, and the complaint dismissed, with costs to defendant in this court and the court below. The finding of fact implied in the verdict, to the effect that defendant purchased from plaintiffs the merchandise in question, is reversed. All concur.